IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS THOMAS, | Civil No. 3:25-cv-1145 |
| Plaintiff | (Judge Mariani) |
| v. | |
| SERGEANT KOLENO, *et al.*, | |
| Defendants | |

## MEMORANDUM

Plaintiff Curtis Thomas ("Thomas"), an inmate confined at the State Correctional Institution in Camp-Hill, Pennsylvania ("SCI-Camp Hill"), initiated the above-captioned civil action by filing a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Thomas also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA")[1], the Court will perform its mandatory screening of the complaint and, for the reasons set forth below, will grant Thomas' motion to proceed *in forma pauperis* and dismiss his complaint.

I. **Background**

Thomas has named as Defendants in this action Sergeant Koleno and retired Sergeant Fallon. (Doc. 1). He alleges that on December 28, 2015, he was transferred from SCI-Greene to SCI-Benner. (*Id.* at 7). Upon arrival to SCI-Benner, Thomas alleges that

---

[1] The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

Sergeant Koleno and Sergeant Fallon confiscated four boxes of legal materials. (*Id.*). Thomas asserts that these legal materials "have been held thru [sic] August 20, 2024." (*Id.*). He alleges that he cannot properly prepare his petition for writ of habeas corpus without the legal materials. (*Id.*). As relief, Thomas requests $200,000.00 for each month that his legal materials have been confiscated—from December 28, 2015 through August 20, 2024. (*Id.*).

Thomas previously filed a civil action against Defendant Koleno, as well as Louis Folino, the Superintendent of SCI-Greene; Morris Houser, the Superintendent of SCI-Benner; Ms. Quist, Superintendent's Assistant at SCI-Benner; Mr. Klinefelter, Deputy Superintendent at SCI-Benner; J. Burd, Grievance Coordinator at SCI-Benner; Mr. Booher, Deputy Superintendent at SCI-Benner; Mrs. Potts, Unit Manager at SC-Benner; and a John Doe Sergeant, concerning the same subject matter of the above-captioned action. *See Thomas v. Folino*, 3:21-cv-1438 (M.D. Pa. 2021). In that action, Thomas alleged, in a second amended complaint, that he was transferred to SCI-Greene, and upon arrival, his legal materials were confiscated and held for eight years. *Id.*, Doc. 8, p. 3; Doc. 8-1, p. 3. He then alleged that, on December 28, 2015, he was transferred from SCI-Greene to SCI-Benner and his legal materials were again confiscated and held for five years. *Id.*, Doc. 1, p. 5; Doc. 8, p. 3; Doc. 8-1, p. 3. In a Memorandum and Order dated April 22, 2022, the Court dismissed Thomas' second amended complaint. *Id.*, Docs. 25, 26. Specifically, the Court concluded that: (1) Thomas' complaint was barred by the statute of limitations; and,

2

assuming *arguendo* that the action was timely filed, (2) Thomas had failed to state a claim against the Defendants by failing to allege their personal involvement in the alleged constitutional violation; and (3) Thomas had not set forth a plausible First Amendment access to the courts claim. *Id.* Thomas subsequently filed an appeal to the United States Court of Appeals for the Third Circuit. *Id.*, Doc. 27. On August 30, 2022, the Third Circuit dismissed Thomas' appeal for failure to prosecute. *Id.*, Doc. 32.

II.  **Legal Standard**

Under 28 U.S.C. § 1915A, federal district courts must "review…a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that…the action or appeal…is frivolous or malicious [or] fails to state a claim on which relief may be granted…."); 42 U.S.C. § 1997e(c)(1) ("The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title…by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted.").

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)). When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations,...a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words,

4

"factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but...disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

5

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Thomas proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## III.   Discussion

Upon screening pursuant to the PLRA, the Court will dismiss Thomas' complaint. The Court finds that the doctrine of *res judicata*, or claim preclusion, applies to Thomas' claims. The doctrine of *res judicata* precludes a party from relitigating the same claims against the same parties after those claims have already been decided on the merits. *See Chen v. Fairfield Twp.*, 354 F. App'x 656, 658 (3d Cir. 2009). The following three elements must be met for the doctrine to apply: (1) a final judgment on the merits must have been rendered in a prior suit; (2) the same parties or their privies must have been involved in both suits; and (3) the subsequent suit must be based on the same cause of action as the original. *See Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). Pursuant to

6

the screening provisions of the PLRA, the Court may raise the issue of *res judicata sua sponte*. *See Salley v. Rendell*, No. 08-132, 2008 WL 1752246, at *9 (W.D. Pa. Apr. 14, 2008).

As noted above, in his previously filed case, Thomas alleged that he was transferred to SCI-Greene, and upon arrival, his legal materials were confiscated and held for eight years. *See Thomas v. Folino*, 3:21-cv-1438 (M.D. Pa. 2021), Doc. 8, p. 3; Doc. 8-1, p. 3. He further alleged that, on December 28, 2015, he was transferred to SCI-Benner and his legal materials were again confiscated and held for five years. *Id.*, Doc. 1, p. 5; Doc. 8, p. 3; Doc. 8-1, p. 3. The Court dismissed the second amended complaint as barred by the statute of limitations and for failure to state a claim. *Id.*, Docs. 25, 26. It is well-settled that a "[d]ismissal for failure to state a claim is a final judgment on the merits for *res judicata* purposes." *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007). And "[a] dismissal on statute of limitations grounds is a dismissal on the merits for *res judicata* purposes." *Taggart v. Chase Bank USA, N.A.*, 375 F. App'x 266, 268 (3d Cir. 2010). Moreover, in the above-captioned action, Thomas seeks to assert the very same claims based on actions beginning on December 28, 2015 against Defendant Koleno, as he did in his previous action. While Thomas has added Defendant Fallon to the above-captioned action, *res judicata* also bars any claims against him for actions alleged to have occurred beginning on December 28, 2015, because he is in privity with the other named Defendant. *Marran v. Marran*, 376 F.3d 143, 151 (3d Cir. 2004) (noting that privity is "merely a word used to say

7

that the relationship between one who is a party on the record and another is close enough to include that other within the *res judicata*"); *see also Shockley v. Hosterman*, 279 F. App'x 98, 99 (3d Cir. 2008) (noting that inmate-plaintiff's "attempt to add John Doe Prison Officials to the other defendants he named before does not change this conclusion because they are all prison officials in privity with one another"); *Hackett v. Link*, No. 18-cv-2230, 2018 WL 3328022, at *3 (E.D. Pa. July 6, 2018) (concluding that inmate-plaintiff's addition of new defendants did not defeat the application of *res judicata* because the two actions were based upon the same transactions and occurrences and were brought against officials at SCI-Graterford); *West v. Coupe*, No. 14-1252-SLR, 2014 WL 6784319, at *3 (D. Del. Nov. 30, 2014) (dismissing inmate-plaintiff's § 1983 complaint as barred by *res judicata* because "the addition of new defendants to those plaintiff named before does not change this conclusion because they are all prison officials or medical personnel in privity with one another"). Thus, Thomas' claims against the Defendants based on events that began on December 28, 2015 are barred by operation of the concept of *res judicata*.

B. <u>Leave to Amend</u>

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371

8

U.S. 178, 182 (1962). The Court may decline to permit amendment, however, where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002). Because this action is barred by *res judicata*, leave to amend would be futile. *See Foman*, 371 U.S. at 182; *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (stating that the futility exception mandates that a complaint, as amended, would fail to state a claim upon which relief may be granted); *see also Clark v. Schwartz*, Civ. A. No. 1:20-cv-01402, 2020 WL 8125633, at *4 (M.D. Pa. Dec. 21, 2020) ("Here, leave to amend would be futile given that this action is barred by *res judicata*."), *report and recommendation adopted*, 2021 WL 120369 (M.D. Pa. Jan. 13, 2021).

## IV. Conclusion

For the foregoing reasons, the Court will grant Thomas' motion to proceed *in forma pauperis* (Doc. 2) and dismiss his complaint (Doc. 1). Thomas will not be granted leave to file an amended complaint.

A separate Order follows.

Robert D. Mariani
United States District Judge

Dated: July  11, 2025